**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) Criminal Case No. 2:23cr00003 |
| v. | ) |
| | ) **REPORT AND** |
| **PAYTON LEE FARRIS,** | ) **RECOMMENDATION** |
| Defendant | ) |
| | ) |

*I. Background*

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

*II. Facts*

The defendant has been charged in a two-count Information. On March 9, 2023, a plea hearing was conducted before the magistrate judge, and the defendant entered pleas of guilty to Counts One and Two of the Information, charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and distribution of 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).

–1–

At this hearing, the defendant was placed under oath and testified that he is 25 years old and that he had completed high school and attended some college classes. The defendant testified that he reads and writes the English language. The defendant stated that he had been diagnosed with manic depression as a child, for which he was not receiving any treatment at the time of his arrest in January 2023. The defendant stated that he believed that he also suffered from post-traumatic stress disorder and anxiety. He stated that he had begun treatment for these mental health conditions since entering federal custody. The defendant testified that, at the time of his arrest in January 2023, he was abusing and/or was addicted to heroin, crack cocaine, methamphetamine, marijuana and LSD. The defendant testified that he had a long history of substance abuse, for which he had received no treatment. The defendant stated that he had not used any of these substances since his arrest in January 2023. He also testified that he was not under the influence of any drug, medication or alcoholic beverage. The defendant also stated that he had suffered a head injury in an altercation while being held in custody.

The defendant testified that his prior mental health diagnosis and lack of treatment, his substance abuse and lack of treatment and/or his recent head injury and lack of treatment did not affect his ability to make decisions in his best interests, nor did they prevent him from understanding the nature or consequences of the court proceedings.

The defendant stated that he was fully aware of his right to grand jury indictment, that he had discussed that right with his counsel and that he wished to waive his right to grand jury indictment and consent to allow the Government's case

against him to proceed on the two-count Information filed with the court. The defendant stated that, other than the terms of the Plea Agreement filed in this matter, no one had made any other promises to him or in any way had attempted to force him into waiving his grand jury indictment right. The undersigned accepted the defendant's waiver of his grand jury indictment rights, finding that the defendant was doing so knowingly and voluntarily.

The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant was advised in open court of the charges contained against him in the Information. He testified that he had fully discussed the charges, and his case in general, with his counsel. He also testified that he had read the Plea Agreement in its entirety, and he had discussed the Plea Agreement with his counsel before signing the Agreement. He stated that he understood the terms of the Plea Agreement and that the document presented to the court set forth his agreement with the Government in its entirety. The defendant specifically testified that he understood that, under the terms of the Agreement, he was waiving any right to directly appeal or collaterally attack his conviction and sentence, insofar as he may legally do so.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged are felonies and that, if his pleas are accepted, he will be adjudged guilty of the offenses

and that this adjudication may deprive him of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm. The defendant further testified that he understood that the offenses with which he is charged are drug offenses and that, if his pleas to these charges are accepted, he will be adjudged guilty of the offenses and that this adjudication will make him ineligible for certain federal benefits including certain Social Security and food stamp benefits.

The defendant was informed of the possible maximum and mandatory minimum penalties provided by law for the offenses with which he is charged. In particular, the defendant stated that he understood that the drug offenses to which he was pleading guilty carried a mandatory minimum sentence of 10 years' imprisonment.

The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the guideline sentence for his case until after a presentence report has been completed, and both parties have an opportunity to challenge the reported facts and the application of the Guidelines. The defendant stated that he understood that, after the applicable guideline range was determined, that the district judge has the authority in some circumstances to depart from the Guidelines and impose a sentence that is more severe or less severe than the sentence called for by the

–4–

Guidelines. He stated that he understood that the Sentencing Guidelines were no longer mandatory, and after considering the Guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the Guidelines and up to the statutory maximum sentence. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney, the U.S. Attorney's Office or the U.S. Probation Office has given him. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison, he will not be released on parole and will serve his full term of imprisonment.

The defendant also testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty pleas are accepted:

> i. The right to plead not guilty to any offense charged against him;
> ii. The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
> iii. The right of assistance of counsel;
> iv. The right to see, hear and cross-examine witnesses;
> v. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
> vi. The right to decline to testify unless he voluntarily elected to do so in his own defense.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. He stated that he had no complaints whatsoever regarding his attorney's representation. The defendant also testified that he understood the possible consequences of his pleas and asked the

court to accept his pleas of guilty to Counts One and Two of the Information.

The Government presented the following evidence regarding the offenses with which the defendant is charged:

**As to Count One**: Between April 1, 2022, and October 20, 2022, the defendant and Jamie Lynn Johnson and others, knowingly and intentionally conspired to distribute and possess with intent to distribute 50 grams or more of methamphetamine in Wise County, Virginia.

The evidence would show that during the relevant period, the defendant was supplying co-conspirator Johnson and others with significant quantities of "ice" methamphetamine, which Johnson and the other individuals further distributed throughout the district. For instance, the evidence would show that the defendant sold Johnson anywhere from an ounce to a ¼ pound of "ice" methamphetamine at a time, two to three times a week, during the charged conspiracy. The evidence also would show that the defendant sold another individual approximately one to two ounces of methamphetamine every other day for approximately six weeks during the time of the conspiracy, which that individual would then distribute for the defendant. Additionally, law enforcement conducted two recorded controlled purchases of methamphetamine from the defendant during the time of the conspiracy. They also conducted multiple recorded controlled purchases of methamphetamine from co-conspirator Johnson during

the time of the conspiracy, with the transactions occurring at residences associated with the defendant.

The evidence would show that the defendant had knowledge of the overall objectives and scope of the conspiracy and knowingly and voluntarily participated in it.

**As to Count Two:** the evidence would show that on or about October 7, 2022, the defendant knowingly and intentionally distributed approximately two ounces of "ice" methamphetamine, a Schedule II controlled substance, to a confidential source working for the Southwest Virginia Drug Task Force. The defendant sold the two ounces of methamphetamine to the informant for $960. The controlled purchase from the defendant was audio and video recorded and took place in Wise County, Virginia. On October 20, 2022, the defendant, again, knowingly and intentionally distributed methamphetamine to the same confidential source. This time the defendant sold the informant approximately two ounces of methamphetamine and a firearm (a Cobray double-barrel derringer) for $1,250. The controlled purchase was audio and video recorded and took place in Russell County, Virginia. The methamphetamine from both controlled purchases was confirmed by the DEA laboratory to be 97 percent or greater pure methamphetamine.

After the Government presented its summary of this evidence, the defendant stated that he agreed that the Government could present this evidence at trial, and he had no dispute or objection to the Government's summary of its evidence.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas;
2. The defendant is aware of the nature of the charges and the consequences of his pleas;
3. The defendant knowingly and voluntarily entered pleas of guilty to Counts One and Two of the Information; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's pleas of guilty to Counts One and Two of the Information and adjudge him guilty of those offenses.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED: This 10th day of March, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE